**H. John Davis Inc. v. Bloss**

*Barry Cohen,* for plaintiff.
*Wieslaw T. Niemoczynski,* for defendants.

MILLER, *J.,* October 2, 1992—This matter comes before us on defendants' petition to reinstate an appeal taken to a judgment entered against them by District Justice Peter Gaughan on January 10, 1991, in the amount of $943.80.

The record reveals the following. On January 10, 1991, plaintiff obtained judgment as described above against the pro se defendants for the account balance remaining from the sale and installation of a liquid propane furnace and shipments of liquid propane gas. Defendants, still representing themselves, timely filed a notice of appeal with this court on February 8, 1991, as well as a praecipe to enter a rule upon plaintiff to file a complaint. These documents were entered to No. 396 Civil 1991. Defendants, however, served neither the notice of appeal nor rule upon plaintiff nor the notice of appeal upon District Justice Gaughan as required by Pa.R.C.P.D.J. 1005A. Consequently, neither were any proofs of service filed within five days of the filing of the notice of appeal. See Pa.R.C.P.D.J. 1005B.

On December 21, 1991, plaintiff took steps to execute on the judgment obtained before the district justice by

having a writ of execution, filed to Monroe County Court of Common Pleas, No. 4359 Civil 1991, served upon the defendants. Defendants immediately obtained counsel who noted the earlier procedural irregularity and served copies of the notice of appeal and rule to file a complaint upon plaintiff on January 13, 1992—11 months after the appeal had been taken to this court. Service upon District Justice Gaughan was also made at the same time. Shortly, thereafter, proofs of service were filed with the prothonotary of Monroe County.

On February 3, 1992, plaintiff filed a petition to quash defendants' appeal. Realizing his procedural error, counsel for plaintiff then filed a praecipe to strike appeal pursuant to Pa.R.C.P.D.J. 1006, and the appeal was stricken on March 16, 1992. By stipulation of counsel, entered as of court order on April 28, 1992, plaintiff's petition to quash the appeal was withdrawn, the actions docketed to Nos. 396 Civil 1991 and 4359 Civil 1991 were consolidated and defendants indicated their intention to file, pursuant to Pa.R.C.P.D.J. 1006, a praecipe to reinstate their appeal within 30 days. Meanwhile, the writ of execution and sheriff's levy were stayed.

Defendants' petition to reinstate appeal was filed with this court on May 18, 1992. A rule, made returnable July 6, 1992, was entered upon plaintiff to show cause why the appeal should not be reinstated. Plaintiff filed an answer to petition to reinstate appeal on June 4, 1992, and the matter was listed for the September term of argument court. The parties waived oral argument and agreed to have the matter considered on briefs. We are not prepared to rule on the matters raised by defendants' petition to reinstate appeal.

The Rules of Civil Procedure governing appeals from judgments entered by a district justice are clear. See Pa.R.C.P.D.J. 1002-1008. A party wishing to appeal from such a judgment must file a notice of appeal with the prothonotary of the Court of Common Pleas within 30 days after the date of judgment. Pa.R.C.P.D.J. 1002. As noted above, the defendants herein timely complied with this procedural requirement.

The defendants, however, failed to serve this notice of appeal upon either the plaintiff or District Justice Gaughan. Pa.R.C.P.D.J. 1005A. This failure entitled plaintiff to have the appeal stricken pursuant to Pa.R.C.P.D.J. 1006 which mandates the action to be taken by the prothonotary in a case such as the one at bar.

However, Pa.R.C.P. 1006 also provides that the "Court of Common Pleas may reinstate the appeal upon good cause shown." Our resolution of this matter, thus, must turn upon whether the defendants have established that good cause exists for their failure to have complied with the procedural rules.

We note initially that the determination of good cause for the reinstatement of an appeal from a judgment entered by a district justice is a matter within the sound discretion of the court. *Anderson v. Centennial Homes Inc.,* 406 Pa. Super. 513, 594 A.2d 737 (1991).

"Good cause" is not defined in the rules governing proceedings before a district justice. However, as the court in *Anderson v. Centennial Homes Inc., supra,* observed:

"*Black's Law Dictionary* defines good cause as a [s]ubstantial reason, one that affords a legal excuse. Legally

sufficient ground or reason. Phrase 'good cause' depends upon circumstances of individual case, and finding of its existence lies largely in discretion of officer or court to which decision is committed.... 'Good cause' is a relative and highly abstract term, and its meaning must be determined not only by verbal context of statute in which term is employed but also by context of action and procedures involved in type of case presented...." *Id.* at 517, 594 A.2d at 739, quoting Black's Law Dictionary 623 (5th ed. 1979).

The good cause proffered in the instant case seems to turn on the defendants' status as pro se litigants. Counsel for defendants argues in his brief that while defendants successfully took a timely appeal of the judgment entered against them, by filing the proper preprinted form with the Prothonotary's Office, they failed to take note of the service requirement essentially because the "Prothonotary's Office does not give advice on procedural requirements but merely provides the preprinted notices of appeal from district justice judgments." (Brief in support of Bloss petition to reinstate appeal at 1).

In response, however, we note that the preprinted form supplied to defendants for the purposes of filing their appeal, a copy of which forms part of the record in this matter, is a relatively simple, self-explanatory one which seems to have been prepared with the pro se litigant in mind. All of the procedural requirements discussed thus far in this opinion are set forth on the notice of appeal form executed by the defendants. Under these circumstances, we find that neither legal expertise nor a legal education is a prerequisite for filing and perfecting an appeal from the district justice level.

Moreover, we note that defendants permitted a period of 11 months to pass during which they apparently never inquired as to the status of their appeal. If they had, lack of proper service of the notice of appeal might have been brought to their attention. Under these circumstances, we find that defendants failed to act diligently to protect their own legal interests.

Finally, we are persuaded by our research into applicable caselaw that, while numerous courts have acted to reinstate appeals from the judgments entered by district justices where the appellant has failed to file the proofs of service required by Pa.R.C.P.D.J. 1005B, references to which cases abound in the briefs submitted by the parties, the failure to actually serve the notice of appeal itself has rarely provided the basis for good cause shown. An exception to this rule was contained in *Crouse v. Lippy, et. ux.,* 33 Adams Leg. J. 53 (1991), in which the court found that good cause was shown for the failure to serve the notice of appeal and file the proof of service until 28 days and 76 days respectively following the filing of the appeal itself. However, we find this case to be factually distinguishable from the one at bar in terms of the length of time which transpired between the filing of the appeal and service.

In all of the other cases cited by the parties as well as those uncovered by our own research, the notice of appeal had been served, and the procedural irregularity went to an admittedly less significant issue. Such is not the case here.

In the instant matter, the plaintiff did not become legally aware until 11 months after the district justice had entered

judgment in its favor that an appeal had been taken. In the meantime, steps were taken to begin execution on the judgment obtained; needless to say, additional costs were incurred. On this basis, the case at bar is significantly distinguishable from the cases relied upon by counsel for defendants in his brief in support of the instant petition.

Based upon the foregoing, we hold that defendants have failed to show that good cause existed for their failure to timely serve the notices of their appeal entered to No. 396 Civil 1991 upon the plaintiff. Defendants' petition to reinstate appeal is denied.

## ORDER

And now, October 2, 1992, the petition of defendants, Andrew B. Bloss and Michelle D. Bloss, to reinstate appeal entered to No. 396 Civil 1991 is hereby denied.